(No. 3465—

KATHERINE BINDIG, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 14, 1945.*

SHARL B. BASS AND GREENBERG & SACHS, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

FISHER, J.

This claim is for benefits under the Workmen's Compensation Act. Claim was filed on March 5, 1940, and the record of the case completed on March 5, 1945. The record consists of the Complaint, Stipulation, Order to show cause why claim should not be dismissed for want of prosecution, Stipulation for Continuance, Medical Report at time of illness, Report of recent medical examination, Stipulation with reference to the record, Deposition, and Waiver of Statement, Brief and Argument by both Claimant and Respondent.

The stipulated facts in this case are, that claimant was employed by respondent at the Manteno State Hospital as an attendant; that in the course of her employment, on the 18th day of August, 1939, she became ill with typhoid fever; that upon recovery from her illness she returned to her employment on December 2, 1939, at the same salary she had received prior to her illness; and that she was paid her full salary during the time of her illness.

As full salary was paid during the period of her illness, no claim is made for temporary disability.

Claim is, however, made for permanent disability for partial loss of the use of both legs and for loss of hearing and vision. Claimant submitted to a physical examination on September 23, 1944, by Dr. B. Cohen, Staff Physician at the Manteno State Hospital, a report of which examination was filed herein on March 1, 1945. This report discloses that claimant's vision, uncorrected, is 20/30 in both eyes, and corrected, is 20/20; that her hear-

ing is good; that the extremities are good; and that there are no disabling defects. Nothing in the report of this examination sustains the claim for permanent disability, and there is nothing in the record that would indicate that claimant has sustained any permanent physical disability compensable under the Workmen's Compensation Act, and the claim for such compensation must therefore be denied.

Claimant testified that due to an epidemic which existed at the time of her illness at the Manteno State Hospital, she was unable to obtain necessary medical attention and was compelled to engage the services of her own doctor, one Daniel K. Hur, M.D., of Manteno, Illinois, who attended claimant for a period of six weeks; that he visited her at least twice a day, or oftener, and that his charge for services was the sum of One Hundred Twenty Dollars ($120.00), which was paid by claimant. Claimant is entitled, under the Workmen's Compensation Act, to be reimbursed for this expenditure.

An award is therefore entered in favor of claimant, Katherine Bindig, in the sum of One Hundred Twenty Dollars ($120.00).